UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KEITH W. SULLIVAN,<br><br>        Plaintiff,<br><br>v.<br><br>WARDEN OF SOUTHERN DESERT CORRECTIONAL CENTER, et al.,<br><br>        Defendants. | Case No.: 2:23-cv-01203-JAD-NJK<br><br>**ORDER**<br><br>(Docket No. 31) |

**I.  DISCUSSION**

On March 25, 2025, the Court screened Plaintiff's first amended complaint. Docket No. 30. The Court allowed some of Plaintiff's claims to proceed, dismissed other claims with or without prejudice, stayed the case, and referred the case to the Court's Inmate Early Mediation Program. *Id.* Plaintiff has now filed a motion asking that the case be excluded from mediation because he wishes to file a second amended complaint. Docket No. 31.

Plaintiff's desire to file a second amended complaint is not a reason to exclude this case from mediation, and the Court denies Plaintiff's motion to exclude the case from mediation without prejudice. Rather, if Plaintiff chooses to file a second amended complaint, the Court will not schedule the mediation in this case until after Plaintiff has filed the second amended complaint, and the Court has screened it. If any claims from the second amended complaint survive screening, the Court will then set the case for mediation.

The Court notes that Plaintiff states in his motion that he is currently in administrative segregation where his access to legal materials is through the paging system. Plaintiff requests the Court's lenience and indulgence due to this limitation. However, in preparing any second amended complaint, Plaintiff is not required to present any legal arguments or legal citations. Plaintiff only needs to clearly state the factual allegations that he believes demonstrate a violation of his rights.

The Court also notes that the previous screening order dismissed some of Plaintiff's claims as improperly joined. Docket No. 30 at 15-17. Plaintiff must not bring any improperly joined claims in any second amended complaint.

If Plaintiff chooses to file a second amended complaint, he is advised that a second amended complaint supersedes (replaces) the original complaint and any previously filed amended complaints and, thus, the second amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's second amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. Moreover, Plaintiff must file the second amended complaint on this Court's approved prisoner civil rights form, and it must be entitled "Second Amended Complaint."

**II.    CONCLUSION**

Accordingly, for the reasons stated above,

IT IS ORDERED that Plaintiff's motion to exclude this case from mediation is **DENIED**. Docket No. 31.

IT IS FURTHER ORDERED that, if Plaintiff chooses to file a second amended complaint, he must file it no later than May 9, 2025.

IT IS FURTHER ORDERED that the Clerk of the Court shall send to Plaintiff the approved form for filing a § 1983 complaint, and instructions for the same. If Plaintiff chooses to file a second amended complaint, he must use the approved form, and he shall write the words "Second Amended" above the words "Civil Rights Complaint" in the caption.

IT IS FURTHER ORDERED that, if Plaintiff chooses to file a second amended complaint, the Court will screen the second amended complaint before this case proceeds to mediation.

IT IS FURTHER ORDERED that, if Plaintiff chooses to file a second amended complaint on or before May 9, 2025, no further action is required by Defendants in this case until further ordered by this Court.

IT IS FURTHER ORDERED that, if Plaintiff chooses not to file a second amended complaint, he must file a notice with the Court on or before May 9, 2025. The Court will then schedule an early inmate mediation conference as soon as possible.

IT IS FURTHER ORDERED that, if Plaintiff does not either file a second amended complaint or a notice with the Court indicating that he will not file a second amended complaint by May 9, 2025, the Court will schedule an early inmate mediation conference on the first amended complaint and deny any leave to file a second amended complaint until after mediation.

IT IS SO ORDERED.

DATED: April 10, 2025.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE