UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KEITH W. SULLIVAN,<br><br>    Plaintiff,<br><br>v.<br><br>WARDEN OF SOUTHERN DESERT CORRECTIONAL CENTER, et al.,<br><br>    Defendants. | Case No.: 2:23-cv-01203-JAD-NJK<br><br>**ORDER**<br><br>(Docket Nos. 40, 41, 42) |

      On March 25, 2025, the Court screened Plaintiff's first amended complaint. Docket No. 30. The Court allowed some of Plaintiff's claims to proceed and stayed this case while the parties participate in the Court's Inmate Early Mediation Program. *Id*. On April 18, 2025, the Court set the case for mediation. Docket No. 34. Three days later, Plaintiff filed a motion to supplement his first amended complaint. Docket No. 35. The Court denied the motion, gave Plaintiff leave to file a second amended complaint, and vacated the mediation conference to give Plaintiff time to file any second amended complaint. Docket No. 36. On April 24, 2025, Plaintiff filed a request to withdraw his motion, proceed with his first amended complaint, and move forward with mediation. Docket No. 37. The Court reset the case for mediation. Docket No. 39. Plaintiff has since filed a motion to withdraw this case from mediation, a motion to extend his copy work limit, and a motion to "compel and comply." Docket Nos. 40, 41, 42. The Court will consider each of these motions in turn.

      In his motion to withdraw this case from mediation, Plaintiff states that he was attacked by correctional officers on April 15, 2025. Docket No. 40 at 2. As a result of that attack, Plaintiff is not interested in negotiating with Defendants. *Id.* Plaintiff's motion is denied. Although Plaintiff may not be interested in negotiating with Defendants at the moment, he may change his mind by the time of the mediation conference. The Court notes that, although the attack occurred on April

15, Plaintiff appears to have been interested in mediation on April 24, when he asked the Court to set the case for mediation. Furthermore, even if Plaintiff and Defendants fail to reach a settlement, Plaintiff may find that the process of talking with a mediator about the potential strengths and weakness of his case is a helpful experience moving forward. Plaintiff is not required to come to any agreement with Defendants during the mediation, but he is required to participate in the mediation process in good faith.[1]

Plaintiff has filed a motion to extend his copy work limit. Docket No. 41. An inmate has no constitutional right to free photocopying. *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991). Pursuant to NDOC administrative regulation 722.01(7)(D), inmates "can only accrue a maximum of $100 debt for copy work expenses for all cases, not per case." In this district, courts have found that they can order a prison to provide limited photocopying when it is necessary for an inmate to provide copies to the court and other parties. *See Allen v. Clark Cnty*. Det. Ctr., 2:10-CV-00857-RLH, 2011 WL 886343, *2 (D. Nev. Mar. 11, 2011).

In his motion to extend his copy work limit, Plaintiff states that he needs an extension to file "necessary exhibits, motions, mediation statements, and all other relevant documents." Docket No. 41 at 2. It is not clear what documents Plaintiff believes he may need to copy or file leading up to mediation. In his motion to withdraw the case from mediation, he states that he already mailed his mediation documents to the mediation coordinator.[2] Docket No. 40 at 2. Because Plaintiff does not explain any specific need for an extension in his copy work limit, his request is denied without prejudice.

---

[1] The Court notes that Plaintiff appears to believe that the Court's screening order states that the case would be excluded from mediation if he made the request 21 days before the mediation. Docket No. 40 at 3. However, the screening order stated only that any request must be made at least 21 days before mediation, it did not state that the request would be granted. Because Plaintiff's motion does not demonstrate good cause to exclude this case from mediation, the Court denies the motion.

[2] The Court notes that Plaintiff stated that he had to pay $19.87 to mail the documents because the law library supervisor told him that they could not be faxed. Docket No. 40 at 2. The Court's order setting the case for mediation states that inmates should ask to have mediation documents scanned and emailed to the mediation coordinator. Docket No. 39 at 5. It is not clear why Plaintiff asked the law librarian to fax the documents to the mediation coordinator.

1        In his motion to "compel and comply," Plaintiff requests that the Court order NDOC's custodian of medical records to provide him a copy of his medical records at NDOC's expense, or, in the alternative, that the Court appoint counsel for him. Docket No. 42 at 3. The request for a copy of Plaintiff's medical records is premature. This case is currently awaiting mediation, and Defendants have not yet filed an answer to Plaintiff's first amended complaint. After mediation, the Court will issue an order setting this case on a normal litigation track, asking Defendants whether they will accept service, and setting a timeline for Defendants to file an answer. The appropriate time to engage in discovery issues will be after Defendants have filed an answer to Plaintiff's first amended complaint. Therefore, the Court denies the motion to require NDOC to provide Plaintiff a copy of his medical records without prejudice. Plaintiff may renew this motion at the appropriate time.

        As for Plaintiff's alternative request for appointment of counsel, a litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id*. "Neither of these considerations is dispositive and instead must be viewed together." *Id*.

        Plaintiff's brief alternative request for appointment of counsel states that he is in administrative segregation, and he has a broken nose, which is making litigation difficult. Being in administrative segregation is not an exceptional circumstance. Many inmates are in administrative segregation, have physical ailments, and have difficulties with the legal process. This is not enough to support appointment of counsel. The Court denies the motion for appointment of counsel without prejudice. If the parties fail to come to a settlement during

mediation, Plaintiff may renew his request for appointment of counsel. However, in any renewed motion for appointment of counsel, Plaintiff must allege facts demonstrating that exceptional circumstances exist to support appointment of counsel in this case. This is a difficult burden to meet.

Accordingly, for the reasons stated above,

IT IS ORDERED that Plaintiff's motion to withdraw this case from the inmate mediation program, Docket No. 40, is DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion to extend his copy work limit, Docket No. 41, is DENIED without prejudice.

IT IS FURTHER ORDERED that Plaintiff's motion to order NDOC to provide him a copy of his medical records, or in the alternative, for appointment of counsel, Docket No. 42, is DENIED without prejudice.

IT IS SO ORDERED.

DATED: June 10, 2025.

NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE