# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| KEITH W. SULLIVAN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>WARDEN OF SOUTHERN DESERT CORRECTIONAL CENTER, *et al.*,<br><br>　　　　Defendants. | Case No. 2:23-cv-01203-JAD-NJK<br><br>**Order**<br><br>[Docket No. 48] |

　　　　Pending before the Court is Plaintiff's second motion to compel and comply. Docket No. 48. The motion is properly resolved without a hearing. *See* Local Rule 78-1.

　　　　On May 27, 2025, Plaintiff filed his original motion to compel and comply to request that the Court order NDOC's custodian of medical records to provide him a copy of his medical records at NDOC's expense, or in the alternative, that the Court appoint counsel for him. Docket No. 42 at 3. The Court denied Plaintiff's motion as premature as the case was awaiting mediation and Defendants had not yet filed an answer to Plaintiff's first amended complaint. Docket No. 43 at 3.

　　　　On June 18, 2025, the Court lifted the stay and ordered the case to proceed on the normal litigation track. Docket No. 45. The majority of Defendants have accepted service, Docket No. 46, and have yet to file and serve an answer or other response to Plaintiff's first amended complaint. *See* Docket. The appropriate time to engage in discovery issues will be after Defendants have filed an answer. *See* Docket No. 43 at 3. As such, Plaintiff's request is premature.

　　　　Plaintiff alternatively seeks appointment of counsel. Docket No. 48 at 2-3. On June 10, 2025, the Court denied Plaintiff's earlier motion for appointment of counsel without prejudice, holding that exceptional circumstances had not been presented. Docket No. 43 at 3-4. The Court

1

granted Plaintiff leave to renew his request if the parties failed to settle. *Id*. Plaintiff now requests that he be appointed counsel so he could have access to "outside NDOC referred medical specialists' case files containing their recommend treatments and prescriptions; material data that are invaluable to [his] prosecution and that may otherwise be unavailable to [him] as a ward." Docket No. 48 at 3. Plaintiff further submits that he remains in a restrictive housing unit and does not have proper access to the law library. *Id*. Being in a restricted housing unit is not an exceptional circumstance.

Accordingly, Plaintiff's motion to compel and comply is **DENIED** without prejudice. Docket No. 48. The Clerk's Office is **INSTRUCTED** to send Plaintiff a copy of Docket No. 43.

IT IS SO ORDERED.

Dated: August 7, 2025

Nancy J. Koppe
United States Magistrate Judge